[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#104)
On July 17, 1997, the plaintiff, Spyder Enterprises, Inc., filed an action sounding in fraudulent conveyance against the defendants, Richard E. Ward and Marti Miles. Specifically, the plaintiff alleges that in January of 1995, Miles foreclosed on a mortgage she held on property owned by her spouse, the defendant Ward. At almost the same time, in January of 1995, the plaintiff obtained a judgment against Ward in federal district court. The plaintiff claims that the defendant Ward violated the Uniform Fraudulent Transfer Act, General Statutes § 52-552a, et seq., by allowing his property to be foreclosed upon by his wife in order to avoid having to use the property to satisfy the debt owed to the plaintiff. The plaintiff refers to the defendants' actions as a fraudulent and "collusive foreclosure."
The defendant, Marti Miles, has filed a motion for summary judgment based on three grounds: 1) that the one year statute of limitation, General Statutes § 52-552f(b), expired before the CT Page 6651 plaintiff filed its action; 2) the foreclosure action was not a fraudulent conveyance because there was no equity in the property; and 3) a foreclosure is not a fraudulent conveyance.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554, ___ A.2d ___ (1998).
The defendant's first ground for the motion is without merit. "The UFTA sets forth three limitation periods in [General Statutes] § 52-552j. The first limitation of action of four years applies to transfers made with actual intent under [General Statutes] § 52-552e(a)(1). The second statute of limitations of four years contained in [General Statutes] § 52-552j(2) applies to transfers made with constructive fraudulent intent under § 52-552e (a)(2). Section 52-552j(3) contains the third and final limitation and provides for a one year statute of limitations for constructive fraudulent conveyances to an insider for an antecedent debt." Connecticut National Bank v. D'Onofrio,46 Conn. App. 199, 209, 699 A.2d 237, cert. denied,243 Conn. 926, 701 A.2d 657 (1997).
In the present case, the plaintiff alleges that the fraudulent transfer was made "with the intent to hinder, delay or defraud the plaintiff[.]" The applicable limitation period, therefore, is four years, pursuant to General Statutes §52-552e(a)(1). This action was filed well within the allowed four year period.
The defendant's remaining grounds for the motion are also without merit. "A conveyance is fraudulent if it is made with actual intent to avoid any debt or duty or if made without any substantial consideration by a person who is or will be thereby rendered insolvent. . . . The determination as to whether a conveyance has been made with fraudulent intent is a question of fact." (Citation omitted; internal quotation marks omitted.)Heise Industries, Inc. v. Lerman Container, 18 Conn. App. 265,268, 557 A.2d 564 (1989). See also Watson v. Watson,221 Conn. 698, 707, 607 A.2d 383 (1992) ("Whether the conveyance in question was "fraudulent is purely a question of fact.") CT Page 6652
In the present case, the conveyance of which the plaintiff complains was the foreclosure. Absent authority to the contrary, if the defendant Ward allowed his property to be foreclosed with the intent to avoid his debt to the plaintiff, the conveyance can be labeled fraudulent. Whether the requisite intent existed is a genuine issue of material fact.
The defendant also argues that there was no equity in the property, therefore it cannot be labeled "an asset" for purposes of the UFTA. The defendant makes this assertion without citation. Nevertheless, there is a genuine issue of material fact regarding the value of the property. Therefore, the court need not address this ground any further.
Based on the above discussion, the defendant's motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut, this 21st day of May, 1998.
HICKEY, J.